**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER HARRISON and LACRISHA HARRISON,　　)<br>Plaintiffs,　　)<br>v.　　)<br>WRIGHT MEDICAL TECHNOLOGY, INC. and WRIGHT MEDICAL GROUP, INC.,　　)<br>Defendants.　　) | No. 2:14-cv-02739-JPM-cgc |

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND OR ALTERNATIVELY, TO DISMISS WITHOUT PREJUDICE**

---

Before the Court is Plaintiffs' Motion to Remand or Alternatively, to Dismiss without Prejudice, filed October 17, 2014. (ECF No. 7.) Defendants Wright Medical Technology Inc. and Wright Medical Group Inc. (collectively "Wright Medical") timely responded in opposition to the Motion to Remand on November 3, 2014. (ECF No. 11.) For the reasons stated below, Plaintiffs' Motion to Remand or Alternatively, to Dismiss without Prejudice, is GRANTED IN PART and DENIED IN PART.

I.    **BACKGROUND**

A.    **Factual Background**

This case arises out of an allegedly defective hip replacement device (known as the PROFEMUR Total Hip System and PROFEMUR Neck) manufactured by Wright Medical and implanted in

1

Plaintiff Christopher Harrison on May 21, 2009. (Compl. ¶¶ 1, 68, ECF No. 1-1.) The complaint alleges that Christopher Harrison was an appropriate patient to be implanted with the hip system. (Id. ¶ 69.) The complaint also alleged that Christopher Harrison used the device in a normal and expected manner after the device was implanted. (Id.) On March 25, 2014, the hip replacement device broke into two pieces while Christopher Harris was standing. (Id. ¶¶ 71–72.) Two days later, Christopher Harris had his hip replacement device removed. (Id. ¶ 73.)

Plaintiffs Christopher and LaCrisha Harrison are married and reside in McAlester, Oklahoma. (Id. ¶¶ 3, 220.) The hip system was both implanted and removed from Mr. Harris in Oklahoma. (Id. ¶¶ 68, 73.) Wright Medical Technology Inc. and Wright Medical Group Inc. are Delaware corporations with principal places of business in Memphis, Tennessee. (Id. ¶¶ 4–5.)

## B. Procedural Background

Plaintiffs filed a Complaint against Wright Medical in Shelby County Tennessee Circuit Court on September 18, 2014. (Compl. at 1.) The Complaint alleges that Wright Medical "knew or received notice of clinical failures" of its hip system device and failed to report this information to the FDA. (Id. ¶¶ 34–35.) The Complaint also alleges that the hip system was

2

not tested in design and development at the level of forces that the hip system was known to encounter in the normal activities of daily living. (Id. ¶ 78.) Plaintiffs' Complaint asserts nine causes of action, including strict products liability, negligence, and loss of consortium. (Id. ¶¶ 35–56.)

Wright Medical filed a Notice of Removal from the Circuit Court for the County of Shelby, Tennessee, to the United States District Court for the Western District of Tennessee, Western Division, on September 19, 2014. (ECF No. 1.) Wright Medical asserts that removal was timely because Wright Medical was not served with the Summons and Complaint at the time Wright Medical filed the Notice of Removal. (Id. ¶ 9.) Plaintiffs filed a Motion to Remand or, Alternatively, to Dismiss without Prejudice on October 17, 2014. (ECF No. 7.) The Plaintiffs assert that, under the forum defendant rule, Wright Medical could not remove the case from Tennessee state court to the United States District Court for the Western District of Tennessee. (Id. at 2.) The Plaintiffs also assert that, if the Motion to Remand is not granted, the Court should dismiss the complaint without prejudice to allow the Plaintiffs to refile in their forum of choice. (Id. at 3.) Wright Medical filed a Response in Opposition to Plaintiffs' Motion to Remand or Dismiss on November 3, 2014. (ECF No. 11.) Wright Medical asserts in its Response that the plain language of the removal statute, 28

U.S.C. § 1441, allows a forum defendant to remove a case to federal court before being "properly joined and served." (<u>Id.</u> at 3.) Wright Medical also asserts that dismissing the Complaint and allowing Plaintiffs to refile their complaint would encourage forum shopping. (<u>Id.</u> at 8.)

## II.  Legal Standard

A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).  District courts have original jurisdiction in civil actions where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." <u>Eastman v. Marine Mech. Corp.</u>, 438 F.3d 544, 549 (6th Cir. 2006) (citing <u>Conrad v. Robinson</u>, 871 F.2d 612, 614 (6th Cir. 1989)).

"[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed." <u>Long v. Bando Mfg. of Am., Inc.</u>, 201 F.3d 754, 757 (6th Cir. 2000) (citing <u>Shamrock Oil & Gas</u>, 313 U.S. at 108–09).

> The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard

> for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined'.

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). Consequently, "all doubts as to the propriety of removal are resolved in favor of remand." Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 405 (6th Cir. 2007) (internal quotation marks omitted) abrogated on other grounds by Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008).

One of the limitations Congress has placed on a party's ability to remove a case from state court to federal court based on diversity jurisdiction is codified in 28 U.S.C. § 1441(b)(2): "A civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The Supreme Court has explained that "[a]n in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any party in interest properly joined and served as a defendant is a citizen of the State in which the action is brought." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005) (internal quotation marks omitted). The statutes that govern diversity jurisdiction of the federal courts and removal of state court actions strike a

"delicate balance between the competing forum preferences of plaintiffs and defendants." Hawkins v. Cottrell, Inc., 785 F. Supp. 2d 1361, 1372 (N.D. Ga. 2011).

## III. Analysis

The issue raised in the instant case is whether Wright Medical properly removed the state court action to federal court based on diversity jurisdiction. The existence of complete diversity between the parties is not in question. Plaintiffs Christopher Harrison and LaCrisha Harrison are citizens of Oklahoma and Defendants Wright Medical Technology Inc. and Wright Medical Group Inc. are Delaware corporations with their principal places of business in Tennessee. The parties also do not dispute the fact that Wright Medical would not have been able to remove the case to federal court had Plaintiffs completed service of process prior to Wright Medical's filing for removal. Consequently, the Court is tasked with determining the purely legal question of whether Wright Medical's removal prior to receiving service of process renders removal proper in light of the prohibitory language in 28 U.S.C. § 1441(b)(2).

Section 1441(b)(2) prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2) (emphasis added). A nationwide split exists among federal district courts as to whether a forum defendant that has

6

not yet been "properly joined and served" can properly remove a state court action on diversity grounds and avoid the removal bar under § 1441(b)(2). Similar to the national landscape, a split exists among the district courts in the Sixth Circuit and the Western District of Tennessee. In Linder v. Medtronic, Inc., the District Court denied remand of a case where a non-forum defendant removed a state court action on diversity grounds prior to completion of service of process on the forum defendant. No. 13-2346-STA-CGC, 2013 WL 5486770 (W.D. Tenn. Sept. 30, 2013). The District Court reasoned that "[s]ervice of process is not a prerequisite to a defendant exercising its right of removal." Id. at *2. Focusing on the language "properly joined and served as defendants," the District Court concluded that the plain language of § 1441(b)(2) did not bar removal where the forum defendant had not yet been served. Id. In making its finding, the District Court also relied on a footnote in a Court of Appeals opinion, which stated "[w]here there is complete diversity of citizenship, . . . the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." McCall v. Scott, 239 F.3d 808, 813 (6th Cir.) amended on denial of reh'g, 250 F.3d 997 (6th Cir. 2001)).

In Dooley v. Medtronic, Inc., a subsequent Western District of Tennessee case, the District Court reached the opposite

conclusion and granted remand pursuant to § 1441(b)(2) where a
non-forum defendant removed a state court action prior to
completion of service of process on the forum defendant.   39
F.Supp.3d 973 (W.D. Tenn. 2014).   In Dooley, the District Court
found persuasive the argument that a defendant's removal prior
to receipt of service of process is "precisely the type of
tactics and gamesmanship the courts have addressed and have
found to be improper."  Id. at 980.   Relying on the Supreme
Court's opinion in Lincoln Property, 546 U.S. 81, the District
Court reasoned that "a defendant may remove a case to federal
court only when there is complete diversity of citizenship
'between all named plaintiffs and all named defendants, and no
defendant is a citizen of the forum State.'"  Dooley, 39
F.Supp.3d at 978 (quoting Lincoln Property, 546 U.S. at 84.)
The District Court also found the reasoning in Ethington v. Gen.
Elec. Co., 575 F. Supp. 2d 855 (N.D. Ohio 2008) to be on point.
See Dooley, 39 F.Supp.3d at 978.

      In Ethington, the District Court found that "Congress
intended the 'joined and served' part of the forum defendant
rule to prevent gamesmanship by plaintiffs, who might name an
in-state defendant against whom he or she does not have a valid
claim in a complaint filed in state court to defeat otherwise
permissible removal by the non-forum defendant(s)."  575 F.
Supp. 2d at 861.   The Ethington Court concluded that

> [t]he tactics employed by defendants such as in the instant case turn Congressional intent on its head by allowing defendants to employ gamesmanship, specifically by rushing to remove a newly filed state court case before the plaintiff can perfect service on anyone. Given that Congress intended the "properly joined and served" language to prevent litigant gamesmanship, it would be especially absurd to interpret the same "joined and served" requirement to actually condone a similar kind of gamesmanship from defendants" in instances such as the case at bar.

575 F. Supp. 2d at 862 (internal quotation marks omitted).

Accordingly, the District Court in Ethington also remanded the case to state court despite the plaintiffs' failure to serve process on the forum defendant prior to removal. Id. at 864.

The parties' arguments in the instant case generally track the reasoning in the three cases discussed above. Wright Medical argues that the "'the language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear." (Id. (quoting United States v. Weiner, 518 F. App'x 358, 364 (6th Cir. 2013) (McCalla, J. Presiding by Designation)).) Wright Medical asserts that the plain language of § 1441(b)(2) is unambiguous and precludes removal only where a forum defendant has been "joined and served." (ECF No. 11 at 3.) Wright Medical further asserts that "Plaintiffs' argument reads the 'properly joined and served' language out of the statute, violating settled canons of statutory construction." (Id. at 6.) Wright Medical also argues that, "Congress made significant

changes to the jurisdiction and venue statutes in the Federal
Courts Jurisdiction and Venue Clarification Act, yet, Congress
left unchanged the 'properly joined and served' language, and in
doing so, it intended for the plain language of the statute to
govern." (Id. at 6 (citing Munchel v. Wyeth, LLC, 2012 WL
4050072, CV-No. 12-906, at *4 (D. Del. Sept. 11, 2012)).)

Wright Medical further contends that removal in the instant
case is proper because removal protects Wright Medical from
Plaintiffs' attempt at forum shopping by filing the instant
action in Tennessee. (Id. at 2.) Wright Medical asserts that
"all evidence regarding Plaintiffs' alleged injuries, medical
care, treatment, use of the product at issue, and alleged
damages is found in Oklahoma." (Id.) Wright Medical contends
that "[t]his case does not belong in Tennessee and had
Plaintiffs properly filed this case in Oklahoma where they
allege everything occurred, the parties would not be here before
this Court." (Id. at 8.)

Plaintiffs argue that removal of the instant case
contradicts the plain language of § 1441(b)(2) because "a
defendant may remove a case to federal court only when there is
complete diversity of citizenship 'between all named plaintiffs
and all named defendants, and no defendant is a citizen of the
forum State.'" (ECF No. 9 at 5 (quoting Dooley, 39 F.Supp.3d at

978).)  Plaintiffs assert that Wright Medical's interpretation

of § 1441(b)(2)

> would produce an absurd result, encouraging
> gamesmanship and contradicting the statute's
> purpose . . . [and] would "eviscerate the purpose of
> the forum defendant rule" by creating "a procedural
> anomaly whereby defendants can always avoid the
> imposition of the forum defendant rule so long as they
> monitor the state docket and remove the action to
> federal court before they are served by the
> plaintiff."

(ECF No. 9 at 9 (quoting Ethington, 575 F. Supp. 2d at 861).)

Plaintiffs argue that the instant case is distinguishable

from the other Sixth Circuit cases that have addressed this

issue.  Plaintiffs assert that the present case is the only

Sixth Circuit case that did not include non-forum defendants.

(ECF No. 9 at 7.)  Plaintiffs contend that "the use of 'any'

when referring to 'parties' assumes that there is 'one or more

party in interest that has been properly joined and served

already at the time of removal, among which may or may not be a

forum-state defendant.'"  (Id. at 7-8 (quoting FTS Int'l Servs.,

LLC v. Caldwell-Baker Co., No. 13-2039-JWL, 2013 WL 1305330, at

*2 (D. Kan. Mar. 27, 2013)).)  Plaintiffs further assert that

"use of the term 'joined' by the statute contemplates a

situation in which one defendant is jointed to another defendant

— 'presumably an in-state defendant joined to an out-of-state

defendant.'"  (Id. at 8 (quoting Hawkins v. Cottrell, Inc., 785

F. Supp. 2d 1361, 1369 n.11 (N.D. Ga. 2011)).)  Consequently,

11

Plaintiffs argue, § 1441(b)(2) "does not permit removal by un-served forum defendants in the absence of at least one served non-forum defendant." (Id. at 8.)

Finally, Plaintiffs make the alternative argument that the case should be dismissed without prejudice to "allow Plaintiffs to re-file in their chosen forum and to serve Wright Medical (via corporate officers, who are located in Memphis, in lieu of their Registered Agent in Nashville) that same day, without any notice to Wright Medical or its counsel until service." (ECF No. 9 at 11.)

The Court agrees with Plaintiffs. As an initial matter, the Court finds that § 1441(b)(2) is ambiguous with regard to what should happen when a forum defendant removes a state court action on diversity grounds prior to completion of service of process. In the Court's opinion, § 1441(b)(2) simply fails to expressly address this set of circumstances. In resolving the ambiguity of § 1441(b)(2), the Court joins the Dooley Court and the Ethington Court in the finding that an interpretation that permits removal by a forum defendant simply because service of process has not been formally completed at the time of removal is an incorrect result given the clear intent of Congress in enacting § 1441(b)(2) to reduce gamesmanship on the part of plaintiffs. See Ethington, 575 F. Supp. 2d at 862.

12

Furthermore, Wright Medical's assertion that Plaintiffs' interpretation reads the language "properly joined and served" out of the statute is inaccurate. Congress' intent in including the "properly joined and served language" was to prevent gamesmanship on the part of a plaintiff attempting to block an otherwise proper removal of a state court action "by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003). Consequently, the "properly joined and served" language continues to have significance in Plaintiffs' interpretation of § 1441(b)(2).

Wright Medical's argument that it should be allowed to remove the instant case as a countermeasure to Plaintiffs' forum shopping is similarly misplaced. "The forum defendant rule generally prohibits defendants from removing a case to federal district court when the concerns that underpin diversity jurisdiction . . . are not present . . . ." Ethington, 575 F.Supp.2d at 858.

> Diversity jurisdiction is founded on assurance to non-resident litigants of courts free from susceptibility to potential local bias. The Framers of the Constitution, according to Marshall, entertained 'apprehensions' lest distant suitors be subjected to local bias in State courts, or, at least, viewed with 'indulgence the possible fears and apprehensions' of such suitors.

Guar. Trust Co. of N.Y. v. York, 326 U.S. 99, 111-12 (1945)

(quoting Bank of the United States v. Deveaux, 5 Cranch 61, 87,

3 L.Ed. 38).  Wright Medical's argument that Plaintiffs' choice

of forum is an act of forum shopping because "all evidence

regarding Plaintiffs' alleged injuries, medical care, treatment,

use of the product at issue, and alleged damages is found in

Oklahoma" is an argument better suited for a forum non

conveniens challenge.  Considerations of accessibility of the

evidence and the burden on witnesses are distinct from the risk

of local bias.  Wright Medical has not set forth an argument

that it or any forum defendant requires protection from local

bias, nor can such an argument be found in the relevant case

law.  Put simply, none of the laws regarding federal diversity

jurisdiction contemplate protecting a defendant who is a citizen

of the forum state from the local bias of its own state.

Regarding existing Sixth Circuit precedent, the Court is

not bound by dicta in McCall, 239 F.3d at 813 n.2 or the

district court opinions.  Moreover, the facts in McCall are

distinguishable from the facts in this case.  In McCall, the

derivative shareholder actions brought against non-forum

defendants were already in federal district court at the time of

removal by the forum defendant.  See id. at 813 n.1.  Those

circumstances differ from the instant case where Plaintiffs sued

in state court, all of the defendants are forum defendants, and no consolidation of cases in federal court has taken place.

Having given due consideration to the concerns of federalism and "the rightful independence of state governments," the Court adopts a construction of § 1441(b)(2) that favors remand in the face of significant doubts as to the propriety of removal by an unserved forum defendant.  See <u>Shamrock Oil & Gas</u>, 313 U.S. at 108-09; <u>Smith</u>, 505 F.3d at 405.  Specifically, the Court holds that a forum defendant may not avoid the removal bar under § 1441(b)(2) by simply rushing to file for removal prior to completion of service of process.  The Court's interpretation of § 1441(b)(2) is consistent with the Court's mandate to narrowly construe its jurisdiction over diverse parties.  See <u>Shamrock Oil & Gas</u>, 313 U.S. at 108-09; <u>Long</u>, 201 F.3d at 757. Accordingly, the Court finds that Wright Medical has not satisfied its burden to show that removal is proper in the instant case.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand or Alternatively, to Dismiss without Prejudice (ECF No. 7) is GRANTED as to Plaintffs' request for remand.  Plaintiffs' Motion is DENIED as moot as to Plaintiffs' request for dismissal of the case without prejudice.

**IT IS SO ORDERED**, this 11th day of May, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE